# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**GREGORY A. STOUT**
Reisenfeld & Associates, LPA LLC
Cincinnati, Ohio

ATTORNEYS FOR APPELLEE:

**DAVID PESEL**
**MARCY WENZLER**
Indiana Legal Services, Inc.
Bloomington, Indiana



FILED
Apr 05 2012, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  28A04-1107-MF-404 |
| | ) | |
| RONALD GLENN DYER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |
| | ) | |

APPEAL FROM THE GREENE SUPERIOR COURT
The Honorable Dena A. Martin, Judge
Cause No. 28D01-1001-MF-33

**April 5, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Ronald Glenn Dyer had an FHA-insured loan that he defaulted on. Dyer and GMAC Mortgage, LLC, attended a settlement conference at which they agreed to proceed with a deed in lieu of foreclosure. After the settlement conference, GMAC drafted a written agreement. The agreement included a provision using language required by the U.S. Department of Housing and Urban Development (HUD) that neither GMAC nor HUD would pursue a deficiency judgment against Dyer. Dyer, however, was not happy with this provision because he did not think that it gave him enough protection. Accordingly, he refused to sign the agreement. Instead, Dyer wanted the agreement to provide that he was released from all personal liability. The trial court agreed with Dyer and ordered GMAC to rewrite the agreement. Because under federal law and HUD regulations deeds in lieu of foreclosure release the borrower from any obligation under the mortgage, the standard language used by GMAC was sufficient to release Dyer from all personal liability. We therefore reverse the trial court.

## Facts and Procedural History

On November 14, 2008, Dyer and his now-deceased wife Ella Faye Dyer[1] executed a note in the principal amount of $74,277.00 with Lend America for their Greene County, Indiana, home. The loan was an FHA-insured loan subject to federal statutes and HUD regulations. To secure payment of the note, Dyer and his wife executed a mortgage. The mortgage was eventually assigned to GMAC. Dyer later defaulted under the terms of the note and mortgage.

---

[1] The record shows that Dyer's wife passed away on November 19, 2009.

On January 19, 2010, GMAC filed a Complaint on Note and to Foreclose Mortgage. Dyer filed an answer and counterclaim, and GMAC filed an answer to Dyer's counterclaim. In addition, GMAC informed Dyer of his right to participate in a settlement conference, which is now required by Indiana law. *See* Ind. Code § 32-30-10.5-8. Dyer requested a settlement conference,[2] and the trial court scheduled one for June 24, 2010. *See id.* § 32-30-10.5-10.

At the settlement conference, the parties decided to proceed with a deed in lieu of foreclosure. This is one of many options available to a defaulting homeowner. As one treatise explains:

> Often the parties to a mortgage prefer to avoid normal foreclosure procedures. This can be accomplished if the mortgagor is willing to convey the secured property to the mortgagee as a substitute for foreclosure. In turn, the mortgagor in default is completely excused from the underlying obligation. The parties cannot promise in the original note and mortgage documents to resolve a default in this manner. Any such provision would be an unacceptable clog on the mortgagor's equity of redemption. After default occurs, however, the parties are permitted to resolve their relationship by means of a deed in lieu of foreclosure.

---

[2] The Indiana Supreme Court has provided a great resource for help with mortgage foreclosures, settlement conferences, and deeds in lieu of foreclosure. *See* Indiana Supreme Court, *Help with Mortgage Foreclosures*, http://www.in.gov/judiciary/self-service/2359/htm (last visited Mar. 2, 2012). Specifically,

> A settlement conference is a face-to-face meeting with your lender's representative. It is your last chance to work out a deal with your lender before a foreclosure takes place. If a foreclosure takes place, you will lose your home and your credit rating will be damaged. However, a settlement conference is not a guaranteed workout between you and your lender!

*Id.*

3

4 Powell on Real Property § 37.44[1] (Michael Allan Wolf ed., 1997) (footnotes omitted).[3]

On December 30, 2010, GMAC sent Dyer a deed in lieu of foreclosure agreement to sign and return. Appellant's App. p. 113.[4] The agreement provided, in pertinent part:

> 10. Provided all terms and conditions of this Agreement are met and this transaction concluded, GMAC Mortgage, LLC, agrees that neither it nor the U.S. Department of Housing and Urban Development [will] pursue a deficiency judgment from the Mortgagor.

*Id.* at 118. GMAC gave Dyer a January 10, 2011, deadline. *Id.* at 113. Because Dyer did not believe that paragraph 10 released him from personal liability nor complied with HUD regulations, he never signed and returned the agreement.

Instead, on February 4, 2011, Dyer requested leave to supplement his answer to GMAC's complaint as well as a declaratory judgment. *Id.* at 48. The request provides, in relevant part:

> 8. On June 24, 2010, the Plaintiff and Mr. Dyer had a settlement conference pursuant to I.C. 32-30-10.5-8(c) by telephone. The Plaintiff agreed to accept a deed in lieu of foreclosure from Mr. Dyer in exchange for a release of personal liability.
>
> 9. On September 17, 2010, Mr. Dyer's counsel, by email, confirmed Mr. Dyer's agreement to move out of his home in exchange for delivering a

---

[3] According to our Supreme Court's website, borrowers who do not want to keep their home may pursue a deed in lieu of foreclosure. A deed in lieu of foreclosure allows:

- Giving the home back to the lender; owner is allowed to walk away from the home with permission of the lender

- Helps avoid damage to credit caused by foreclosure/bankruptcy.

*See supra* note 2.

[4] We actually refer to Appellant's Amended Appendix, but for the sake of simplicity we cite it as "Appellant's App."

deed in lieu of foreclosure including a specific waiver of any deficiency owed.

10. On September 20, 2010, Matt Wach, a Legal Loss Mitigation Analyst for GMAC, by email, agreed to the confirmation.

11. On October 4, 2010, in reliance on Plaintiff's agreement to accept a deed in lieu of foreclosure that released him from liability, Mr. Dyer moved out of his home of 21 years.

12. Plaintiff delayed until November 30, 2010 to send to Mr. Dyer drafts of Plaintiff's deed in lieu documents which consisted of an Agreement (setting forth terms of the deed in lieu arrangement), a General Warranty Deed, an Estoppel Affidavit and (a later emailed) Conditional Delivery of Deed (hereinafter, collectively the "DIL Documents").

13. The DIL Documents provided by the Plaintiff do not release Mr. Dyer from personal liability.

14. The DIL Documents including this *misleading* provision about not pursuing a deficiency *judgment*:

Provided all terms and conditions of this Agreement are met and this transaction concluded, GMAC Mortgage, LLC agrees that neither it nor the U.S. Department of Housing and Urban Development [will] pursue a deficiency judgment from the Mortgagor.

15. The above provision is misleading because pursuant to The Deficit Reduction Act of 1984 . . ., HUD does not need to get a deficiency *judgment* to collect from Mr. Dyer.

16. Mr. Dyer's counsel, by email of January 10, 2011, notified Plaintiff that the DIL Documents were unsatisfactory and did not conform to HUD's requirements.

*Id.* at 49-51.

A few days later, GMAC filed a Supplemental Report of Settlement Conference Results and Motion to Proceed with Foreclosure. *Id.* at 46. GMAC's report advised the court

5

that a telephonic Settlement Conference was held on June 24, 2010, in which Plaintiff, by counsel, and Defendant, Ronald Glenn Dyer individually and by counsel, appeared. The parties hereto attempted to negotiate a Deed-In-Lieu of foreclosure, however an agreement was never reached on the terms.

Therefore, the Settlement Conference has resulted in no agreement or resolution and Plaintiff moves the Court for permission to proceed with the foreclosure action.

*Id.*

The trial court held a telephonic conference to address the motions and granted Dyer's request for leave to supplement his answer. *Id.* at vi (CCS).[5] The court gave GMAC a deadline to respond. *Id.*

On the deadline, GMAC filed its response to Dyer's request for leave to supplement its answer and request for declaratory judgment. *Id.* at 36. In its response, GMAC alleged that contrary to Dyer's allegations, it had "complied with all applicable HUD regulations" and therefore GMAC "should not be compelled to reform their Deed in Lieu Agreement for the Defendant." *Id.* GMAC asked the court to enforce the agreement the parties had already reached:

> In his Request for Declaratory Judgment, Defendant requests that this Court order the Plaintiff to add language to their Deed in Lieu Agreement stating that the Plaintiff has released Defendant from personal liability. Because the requested language is repetitive and unnecessary, Plaintiff requests that this Court deny the Defendant's Request, and *allow the Plaintiff and Defendant to proceed with the agreed-upon resolution of this case*.

*Id.* (emphasis added) (footnote omitted); *see also id.* at 39 ("Plaintiff prays that the Court find the Defendant's Request for Declaratory Judgment unpersuasive and allow the deed in lieu process to advance . . . .").

_____

[5] GMAC did not number the CCS included at the beginning of its Appendix. It started using roman numerals but stopped at iii. We use the corresponding roman numeral as if the numbering had continued.

6

On April 15, 2011, Dyer filed a motion for judgment on the pleadings pursuant to Indiana Trial Rule 12(C). The trial court granted Dyer's motion four days later. The order provides:

> The Court, having considered the same, now grants the Defendant's Motion, and declares:
>
> > 1. The Plaintiff has not complied with HUD's deed in lieu loss mitigation requirements.
> > 2. The deed in lieu agreement is a release from all personal liability of Defendant in connection with the Note and Mortgage at issue.
>
> The Court orders the Plaintiff:
>
> > 1. [W]ithin thirty (30) days of this Order, to deliver to Defendant's counsel the Deed in Lieu documents and include in the Deed in Lieu Agreement the following additional language:
> >
> > > Upon execution and delivery by Mortgagor to GMAC Mortgage, LLC of the documents referenced herein, the Mortgagor is released from all personal liability in connection with the Note and Mortgage.
> >
> > 2. Within fifteen (15) days of receipt of the Deed in Lieu documents executed by Defendant, Plaintiff shall deliver to Defendant's counsel:
> >
> > > a. fully executed copies of the Deed in Lieu documents, and
> > > b. a certified, file-stamped copy of the deed indicating its recordation with the Greene County Recorder's Office.

*Id.* at 24-25. Although the trial court's order does not say, the CCS entry explains that the trial court treated Dyer's motion for judgment on the pleadings as a motion for summary judgment. *Id.* at vi.

Apparently unaware that the trial court had already ruled, *see* Appellant's Amended Br. p. 7, GMAC filed a response to Dyer's motion for judgment on the pleadings two weeks later.

7

GMAC filed a motion to correct error, which the trial court denied. GMAC now appeals.

**Discussion and Decision**

GMAC contends that the trial court improperly granted Dyer's motion for judgment on the pleadings. As indicated above, however, the trial court treated Dyer's motion as one for summary judgment. *See* Ind. Trial Rule 12(C) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."). We thus apply the summary judgment standard of review.[6]

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

---

[6] The record is also clear that the parties asked the trial court to enforce their deed in lieu of foreclosure agreement. *See* Appellant's App. p. 36 ("Because the requested language is repetitive and unnecessary, Plaintiff requests that this Court deny the Defendant's Request, and *allow the Plaintiff and Defendant to proceed with the agreed-upon resolution of this case*."), 39 ("Plaintiff prays that the Court find the Defendant's Request for Declaratory Judgment unpersuasive and *allow the deed in lieu process to advance* as the Plaintiff has fully complied with all HUD regulations and has graciously offered the Defendant a more favorable solution to its default than the Plaintiff's contractual right of foreclosure.") (emphases added). And both parties address motions to enforce settlement agreements on appeal. Even if we addressed this case as a motion to enforcement a settlement agreement, our result would be the same.

The facts are not in dispute. Importantly, the record shows that Dyer and GMAC agree upon several things. First, Dyer and GMAC agree that they decided to proceed with a deed in lieu of foreclosure at the settlement conference. *See* Appellant's Reply Br. p. 5 ("The record before the trial court is clear; the parties attended a settlement conference and agreed to allow a deed in lieu of foreclosure on the property."); Appellee's Br. p. 8 ("The parties agreed to resolve this foreclosure by the FHA loss mitigation option known as deed in lieu of foreclosure . . . ."). Second, both parties agree that a deficiency judgment cannot be sought against Dyer. Third, both parties agree that Dyer may not be held personally liable for any deficiency. Finally, both parties agree that the deed in lieu of foreclosure agreement must comply with federal law and HUD regulations. Their point of contention is the exact language that must be included in the deed in lieu of foreclosure agreement and whether the language used accomplishes their joint purpose of ensuring that Dyer is not held personally liable for any deficiency. Accordingly, we must determine whether GMAC's deed in lieu of foreclosure agreement precludes personal liability of Dyer under federal law and HUD regulations. The trial court agreed with Dyer, but we agree with GMAC.

Federal law provides protection to defaulting borrowers with FHA-insured loans with HUD's Loss Mitigation Program. 12 U.S.C.A. § 1715u(a) (Supp. 2011) provides that upon default or imminent default, "mortgagees shall engage in loss mitigation actions for the purpose of providing an alternative to foreclosure (including but not limited to actions such as . . . deeds in lieu of foreclosure . . . ."). In addition, 24 C.F.R. § 203.501 (2011) provides that "[m]ortgagees must consider the comparative effects of

9

their elective servicing actions, and must take those appropriate actions which can reasonably be expected to generate the smallest financial loss to the Department. Such actions include, but are not limited to, deeds in lieu of foreclosure under § 203.357 . . . ." 24 C.F.R. § 203.357 (2011), in turn, sets forth the requirements for a deed in lieu of foreclosure:

> (a) *Mortgagors owning one property*. In lieu of instituting or completing a foreclosure, the mortgagee may acquire property from one other than a corporate mortgagor by voluntary conveyance from the mortgagor who certifies that he does not own any other property subject to a mortgage insured or held by FHA. Conveyance of the property by deed in lieu of foreclosure is approved subject to the following requirements:
>
>> (1) The mortgage is in default at the time the deed is executed and delivered;
>> (2) The credit instrument is cancelled and surrendered to the mortgagor;
>> (3) The mortgage is satisfied of record as a part of the consideration for such conveyance;
>> (4) The deed from the mortgagor contains a covenant which warrants against the acts of the grantor and all claiming by, through, or under him and conveys good marketable title;
>> (5) The mortgagee transfers to the Commissioner good marketable title accompanied by satisfactory title evidence.

According to HUD, "The Deed-in-Lieu of Foreclosure allows a mortgagor in default, who does not qualify for any other HUD Loss Mitigation option, to sign the house back over to the mortgage company. Ref: Mortgagee Letters 2000-05 and 2002-13." U.S. Department of Housing and Urban Development, *Deed-in-Lieu of Foreclosure Option*, http://portal.hud.gov/fha/sf/svc/faqdilfact.pdf. The specific requirements include an "[a]cknowledgment that mortgagor(s) who complies with all of the requirements of the Agreement shall not be pursued for deficiency judgments." *Id.* As noted above, this document references Mortgagee Letter 00-05, which HUD issued on January 19, 2000.

10

The purpose of Mortgagee Letter 00-05 "is to announce clarifications of policy and procedural changes in FHA's Loss Mitigation Program and provide an updated consolidation of the existing program guidance." U.S. Department of Housing and Urban Development, *Mortgagee Letter 00-05* (Jan. 19, 2000), http://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/sfh/nsc/lmmltrs (follow 00-05 hyperlink). This letter provides:

> Deed-in-lieu of foreclosure (DIL) is a disposition option in which a borrower voluntarily deeds collateral property to HUD *in exchange for a release from all obligations under the mortgage.* Though this option results in the borrower losing the property, it is usually preferable to foreclosure because the borrower mitigates the cost and emotional trauma of foreclosure and is eligible to receive borrower's consideration of $500.[7] Also, a DIL is generally less damaging than foreclosure to a borrower's ability to obtain credit in the future. DIL is preferred by HUD because it avoids the time and expense of a legal foreclosure action, and due to the cooperative nature of the transaction, the property is generally in better physical condition at acquisition.

*Id.* at 35 (emphasis added). In addition, the letter explains that the lender and mortgagor must execute a written deed in lieu of foreclosure agreement that contains all of the conditions under which the deed will be accepted, including an "[a]cknowledgment that borrowers who comply with all of the requirements of the agreement shall not be pursued for deficiency judgments." *Id.* at 37.

HUD regulations are clear: a deed in lieu of foreclosure releases the borrower from all obligations under the mortgage and the deed in lieu of foreclosure written agreement must contain an acknowledgement that the borrower shall not be pursued for deficiency judgments. GMAC's proposed agreement contains the precise language

---

[7] This amount has since been increased to $2000.

11

required by HUD.  Accordingly, GMAC's proposed agreement releases Dyer from all obligations under the mortgage.  *See Mortgagee Letter 00-05* at 35 ("Deed-in-lieu of foreclosure (DIL) is a disposition option in which a borrower voluntarily deeds collateral property to HUD *in exchange for a release from all obligations under the mortgage.*" (emphasis added)).  Further, a deed in lieu of foreclosure alone releases Dyer from all obligations under the mortgage.  This is in line with hornbook law, which explains that a deed in lieu of foreclosure allows "default without incurring personal liability on the note."  4 Powell on Real Property § 37.44[1].

Nevertheless, Dyer relies on a single federal district court opinion from 1999, *Ingram v. Cuomo*, 51 F. Supp. 2d 667 (M.D. N.C. 1999), as support that the "shall not be pursued for deficiency judgments" language is not protective enough because HUD may be able to intercept any future tax refund due to Dyer, even without a deficiency judgment, pursuant to the Deficit Reduction Act of 1984.  We first note that *Ingram* came before Mortgagee Letter 00-05.  Moreover, *Ingram* does not apply to the facts in this case.  In *Ingram*, the borrower defaulted on her FHA-insured loan, the home was sold at a loss, and HUD sent the borrower notice that it intended to intercept any tax refund due to her in order to satisfy the balance owed.  *Id.* at 669.  In this case, however, Dyer and GMAC avoided foreclosure by agreeing to proceed with a deed in lieu of foreclosure.  This type of agreement clearly provides that the borrower cannot be pursued for deficiency judgments.  Accordingly, *Ingram* does not impact the language that must be included in a deed in lieu of foreclosure agreement.

12

Because GMAC's proposed deed in lieu of foreclosure agreement releases Dyer from all personal liability and complies with HUD regulations, we reverse the trial court's summary judgment order that GMAC did not comply with HUD regulations and therefore must revise the agreement. As a result, the parties shall proceed with the deed in lieu of foreclosure agreement as proposed by GMAC.

Reversed and remanded.

NAJAM, J., concurs.

ROBB, C.J., concurs in part, dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GMAC Mortgage, LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 28A04-1107-MF-404 |
| | ) | |
| RONALD GLENN DYER | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**ROBB, Chief Judge, concurring in part, dissenting in part**

I concur in the majority's determination that a deed in lieu of foreclosure releases a borrower from any obligation under a mortgage pursuant to federal law and HUD regulations. However, I respectfully dissent from the majority's resolution of the case.

The majority laid out several facts that are not in dispute. Both parties agree they decided to pursue a deed in lieu of foreclosure after attending a settlement conference, a deficiency judgment cannot be sought against Dyer, Dyer cannot be held personally liable, and the deed in lieu of foreclosure must comply with federal law and HUD regulations. <u>See</u> slip op. at 9. At issue is Dyer's request to have a provision in the deed in lieu of foreclosure agreement stating he is released from personal liability. GMAC contends the provision it included in its draft of the agreement stating neither GMAC nor HUD will pursue a deficiency judgment from Dyer is sufficient.

14

Although I find no reason to disagree with the majority that a deed in lieu of foreclosure releases a borrower from liability as a matter of law,[8] what would be the harm in including Dyer's requested provision? If a deed in lieu of foreclosure does in fact release a mortgagor from personal liability and if everyone agrees Dyer should be released from personal liability, the requested provision would only clarify this reality. HUD regulations do not prohibit parties adding language in addition to what is required, and Dyer is not attempting to remove a provision required by HUD. For these reasons, I would affirm the trial court's grant of summary judgment requiring a revision of the agreement to include Dyer's requested provision. In all other respects, I concur with the majority.

---

[8] It is worth noting, however, that GMAC chose to litigate against Dyer's requested provision rather than merely agreeing to its addition to the agreement. While GMAC certainly had the right to respond to Dyer's request for declaratory judgment and argue its drafted agreement was sufficient, this route would almost certainly be less cost-effective. If GMAC truly intends to not hold Dyer personally liable in any manner, this extra cost would serve no purpose.