Marilyn L. ELLIOTT and Michael S. Elliott, Appellants–Defendants,

v.

JPMORGAN CHASE BANK, as Trustee on Behalf of the Registered Certificate Holders of GSAMP Trust 2004–SEA2, Mortgage Pass–Through Certificates, Series 2004–SEA2, Appellee–Plaintiff.

No. 30A01–0907–CV–356.

Court of Appeals of Indiana.

Feb. 3, 2010.

Thomas E.Q. Williams, Greenfield, IN, Attorney for Appellants.

Sarah A. Okrzynski, Reisenfeld & Associates, Cincinnati, OH, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

The Kafkaesque character of this litigation is difficult to deny. Having failed to receive a summons that may have been improperly served upon them, Marilyn and Michael Elliott learned that a default judgment had been entered against them, foreclosing on their home because of a mortgage that was allegedly in default. The home was sold in a sheriff's sale to the lending bank. Feeling confused and suspicious, they turned to the Indiana Attorney General, who directed them to file a complaint with the Comptroller of the Currency. The Comptroller's investigation revealed that Chase Bank, the ostensible plaintiff herein, is entirely unaware of the foreclosure proceeding. Moreover, Chase's records show that the mortgage was paid in full in 2001. Chase, therefore, executed and recorded a satisfaction of mortgage. Notwithstanding the satisfaction of mortgage, Chase's loan servicer—Ocwen Bank—continued to prosecute this action in Chase's name, attempting to force the Elliotts out of their home even though there has never been a trial and the lending bank has declared that the mortgage was paid in full. Finding this situation untenable, we reverse and remand for trial.

Appellants-defendants Marilyn L. Elliott and Michael S. Elliott appeal the trial court's order denying their motion for relief from judgment on the foreclosure complaint of JPMorgan Chase Bank (Chase). The Elliotts raise two issues, one of which we find dispositive: that they are entitled to relief from judgment pursuant to Trial Rule 60(B) because, during the pendency of this litigation, Chase executed and recorded a satisfaction of the mortgage. Finding that the Elliotts are entitled to relief from judgment, we reverse and remand for trial.

## FACTS

On April 30, 1999, Dorothy Elliott took out a mortgage (Mortgage) in the principal amount of $90,625. Bank One was the lender and Mortgage holder. At some point, Chase became Bank One's successor-in-interest on the Mortgage, as trustee on behalf of certain registered certificate holders. At some point, Chase hired Ocwen Bank (Ocwen) as a loan servicer[1] for the Mortgage. Dorothy died on January 24, 2006, and her daughter, Marilyn, and grandson, Michael, became the joint owners of and titleholders to Dorothy's residence in Greenfield.[2]

On July 20, 2006, Chase filed a complaint against the Elliotts, seeking to foreclose the Mortgage. The complaint alleged that $85,315.60 plus interest was due

---

**1.** A "loan servicer" is a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

**2.** At some point not revealed by the record, Marilyn and Michael began living at the Greenfield residence. It is not clear whether they moved in before or after Dorothy's death.

on the Mortgage. The Elliotts were served with the summons and complaint when the Sheriff left a copy of the document at the Greenfield residence on July 26, 2006. The Elliotts later testified that they never received and were never aware of the complaint. There is no evidence in the record that the Sheriff sent a copy of the summons via first class mail.

On November 28, 2006, Chase filed a motion for default judgment, which the trial court granted the next day. On December 27, 2006, Chase filed for a Sheriff's sale of the Elliotts' home. The Sheriff's sale took place on February 7, 2007, and Chase has since received and recorded a Sheriff's deed to the property. On June 11, 2007, Chase filed a writ of assistance with the trial court, seeking aid in removing the Elliotts from their residence.

At some point in December 2006, the Elliotts had received the judgment and decree of foreclosure. Having received that information, they "immediately" contacted the Indiana Attorney General, suspecting that fraud had occurred. Reply Br. p. 9. The Attorney General referred the Elliotts to the Comptroller of the Currency (the Comptroller) in September 2007.

On September 17, 2007, the Elliotts filed a consumer complaint with the Comptroller, which opened a file and began an investigation. As the Comptroller conducted its investigation, Marilyn continued to try to sort out the underlying details of her situation. To that end, she opened a correspondence with Chase. On November 27, 2007, Chase sent Marilyn a letter stating, in pertinent part, as follows:

After a review of Ms. And Mr. Elliott's account, we found that this account was paid off on October 4, 2001. Chase Home Finance ("Chase") has no record of a foreclosure action on this account. If you have documentation of a foreclo-

sure action executed by Chase, please forward it to my attention in the enclosed return envelope....

Additionally, Chase has processed a Satisfaction of Mortgage for the [Elliotts' home in Greenfield]. I am enclosing a copy of the Satisfaction of Mortgage for your review....

Appellants' App. p. 46. Chase executed the satisfaction on November 21, 2007, and later recorded it. On April 23, 2008, the Comptroller sent a final letter to the Elliotts, stating as follows:

... We recontacted [Chase] regarding your concerns [about foreclosure] and their review determined that the loan servicer is Ocwen Bank. Ocwen Bank would have all loan origination records and should be able to address any concerns you have regarding the origination of the loan. Ocwen Bank initiated the foreclosure; [Chase] is the Trustee and did not initiate the foreclosure. They advised you to direct all future correspondence to [the attorneys] representing Ocwen Bank regarding this action....

This office answers questions and assists consumers in resolving complaints against national banks and complaints against credit card and mortgage company subsidiaries of national banks. A national bank is a bank that has the word, National or the letters, N.A. in its official name.

As your complaint is against an entity that does not fall under the jurisdiction of our office, we are referring your letter to the appropriate supervisory agency, which is the State of Florida Department of Financial Services....

*Id.* at 65–66.

On April 30, 2008, within a week of receiving the letter from the Comptroller, the Elliotts filed a cross-complaint to set

aside the mortgage with jury demand, motion to set aside judgment of foreclosure and sheriff's sale, and motion to withdraw order of possession. The Elliotts later clarified that they were seeking, among other things, relief from the judgment pursuant to Indiana Trial Rule 60(B), arguing that inasmuch as Chase had released the mortgage and denied knowledge of the foreclosure action, the underlying judgment was void. The trial court held a hearing on the motion for relief from judgment on April 23, 2009,[3] and summarily denied the Elliotts' motion on June 19, 2009. The Elliotts now appeal.

## DISCUSSION AND DECISION

### I. Relief From Judgment

The Elliotts argue that the trial court erred by denying their request for relief from judgment pursuant to Trial Rule 60(B). A Trial Rule 60(B) motion for relief from judgment " 'affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant.' " *Dillard v. Dillard*, 889 N.E.2d 28, 34 (Ind.Ct.App.2008) (quoting *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind.Ct.App.2002)). We review the denial of such a motion for an abuse of discretion, which occurs when the denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Dillard*, 889 N.E.2d at 33. The movant bears the burden of demonstrating that relief is necessary and just. *Id.*

In pertinent part, Trial Rule 60(B) provides as follows:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> * * *
>
> (6) the judgment is void;
> (7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8).... A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense....

The Elliotts argue that they are entitled to relief from judgment pursuant to subsection (6), (7), and/or (8). We choose to focus on the catch-all provision of subsection (8).

Here, the Elliotts have tendered evidence that Chase's records indicate that the Mortgage was fully paid in 2001.[4] Furthermore, Chase has executed and recorded a full satisfaction of the Mortgage. By tendering this evidence, the Elliotts

---

3. At that time, the trial court also issued a stay on Chase's attempts to take possession of the residence and force the Elliotts to vacate the premises, enabling the Elliotts to continue to live in their home until the issues herein are resolved.

4. Chase/Ocwen argues herein that Chase's records are incorrect and the satisfaction was filed erroneously, directing our attention to Ocwen's records, which show that a balance of over $80,000 is owed on the Mortgage. This dispute is precisely why this matter should be decided by a trier of fact rather than by a default judgment.

implicitly averred that an accord and satisfaction has taken place. *See Mominee v. King,* 629 N.E.2d 1280, 1282 (Ind.Ct.App. 1994) (explaining that accord and satisfaction is a method of discharging a contract or settling a cause of action by substituting for such contract or dispute an agreement for satisfaction). We find this evidence to constitute a reason justifying relief from judgment, and we also conclude that this evidence suffices to allege a meritorious defense to the foreclosure complaint.

As for the requirement that the motion for relief from judgment be filed "within a reasonable time," we note that as soon as the Elliotts learned of the foreclosure complaint and sheriff's sale, they contacted the Indiana Attorney General. The Indiana Attorney General reviewed their complaint and referred them to the Comptroller, which opened its investigation in September 2007. Its investigation continued until April 23, 2008, when the Comptroller informed the Elliotts that it could offer them no further assistance, inasmuch as Ocwen is not a national entity. Within one week, the Elliotts filed the motion for relief from judgment.

While it could be argued that they should have injected themselves into the litigation earlier, they were relying on the advice of professionals from the Attorney General's and Comptroller's offices. There is no evidence in the record that the Elliotts were ever advised to hire an attorney and challenge the default judgment. In other words, it is evident that they were not sitting idly by. Instead, they were using the resources at their disposal to attempt to figure out exactly what the complaint was alleging and whether or not there was merit to Chase's allegations. Under these circumstances, we find that the Elliotts filed the motion within a reasonable time. Therefore, they are entitled to relief from the default judgment.

## II. Summons Service

The Elliotts also argue that service of the summons on them was improper and that, consequently, the default judgment is void as a matter of law. *See Grabowski v. Waters,* 901 N.E.2d 560, 563 (Ind.Ct.App. 2009) (explaining that ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant and that a judgment rendered without personal jurisdiction over a defendant violates due process and is void), *trans. denied.* Trial Rule 4.1 provides as follows:

(A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy Service to Be Followed With Mail. *Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.*

(Emphasis added.)

Here, the summons included in the record bears a stamp from the Hancock

County Sheriff's Office that states as follows: "On this 26 day of July 2006 I served this writ as commanded by leaving a true copy of the last and usual place of residence of M. Elliott[.]"[5] Nothing on the summons indicates that the Sheriff's Deputy who served a copy of the summons and complaint on the Elliotts also sent a copy of the summons by first class mail as required by Trial Rule 4.1(B). Furthermore, neither of the parties discusses the mailing requirement in their briefs, the trial court did not ask at the hearing whether a copy of the summons was mailed, and in the order entering default judgment in Chase's favor, the trial court merely found that the Elliotts were served "by Sheriff Copy," without stating that the summons was also mailed to their address. Appellants' App. p. 96.

At the very least, this record leaves us with a significant question of fact regarding the sufficiency of service. We need not decide this issue, inasmuch as we have already found in the Elliotts' favor as stated above, but we caution practitioners, trial courts, and law enforcement personnel to be mindful of the requirements of Trial Rule 4.1(B) in the future.

The judgment of the trial court is reversed and remanded for trial.

FRIEDLANDER, J., and DARDEN, J., concur.

---

**5.** This document is included as an exhibit to the Plaintiff's Response to Defendant's Motion for Relief from Judgment. That pleading is not included in the appendix but is instead a separately bound document that does not have consecutive pagination. Consequently, we are unable to provide a precise page cite for the summons.