## FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**CHARLES E. DAVIS**
Davis Law, LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GEORGE T. PATTON, JR.**
**DAVID J. JURKIEWICZ**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CYNTHIA L. SELEME, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1205-MF-234 |
| | ) | |
| JP MORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION, as successor | ) | |
| by merger to CHASE HOME FINANCE, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-1001-MF-29

**November 20, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Cynthia Seleme appeals the trial court's order denying her motion for relief from judgment. Seleme raises one issue which we revise and restate as whether the court abused its discretion in denying her motion for relief from judgment following a complaint filed by Chase Home Finance LLC ("Chase") to foreclose on her residential mortgage. We affirm.

The relevant facts follow. On January 13, 2010, Chase filed a Complaint on Note and to Foreclose Mortgage on Real Estate related to the real estate known as 6425 High Point Run, Fort Wayne, Indiana. On January 29, 2010, the Sheriff left a copy of the summons at Seleme's address. On February 22, 2010, the court indicated that the cause had been assigned to Solomon Lowenstein, Jr., as facilitator, and ordered the parties and / or their attorneys to attend a telephone conference on April 1, 2010, at 2:30 p.m. This order indicated that a copy of the entry was served either by mail to the address of record or personally distributed to Seleme.

On April 28, 2010, the court entered an order indicating that the parties had participated in the telephone conference on April 1, 2010, and that the conference was continued to June 8, 2010, pursuant to a forbearance plan. The order also indicated that a copy of the entry was served either by mail to the address of record, deposited in the attorney's distribution box, or personally distributed to Seleme. The chronological case summary ("CCS") indicates that Seleme was notified of the April 28, 2010 order on May 3, 2010.

On July 12, 2010, the court issued an order titled "Order After Settlement Conference," which indicated that Chase appeared by telephone on June 8, 2010, but

2

Seleme did not appear. Appellee's Appendix at 35. The order also indicated that "[t]he Settlement Conference was not conducted pursuant to a forbearance plan" and that "[t]he trial judge of record hereby certifies that the telephone conference did not occur." Id. According to the CCS, Seleme was notified of the court's July 12, 2010 order on July 14, 2010.

On September 26, 2011, Chase filed a motion for default judgment and entry of foreclosure. Chase alleged that "[t]he time within which a Defendant must appear, answer or otherwise defend has expired and has not been extended by the Court, and no Defendant has appeared or otherwise defended." Id. at 44. That same day, the court entered a default judgment and decree of foreclosure.

On March 1, 2012, an attorney filed an appearance on behalf of Seleme. On March 5, 2012, Seleme filed a verified motion for relief from judgment.[1] Seleme alleged that Chase advised her that the foreclosure action would be dismissed because Chase had agreed to a forbearance and Chase was working with her. Seleme also alleged that during the time that she made payments she was never advised that the lawsuit had not been dismissed. Seleme argued that the court file did not reflect a return of service for notice of judicial sale and that the only and last notice that she received on January 27, 2012, was a letter that the property had already been sold and deeded to Federal Home Loan Mortgage.

Seleme attached a letter from Chase dated April 14, 2010, indicating that Seleme was approved to enter into a trial period plan under the Home Affordable Modification

---

[1] Seleme mentioned Ind. Trial Rule 60 but did not specify any particular subsection.

3

Program. The letter indicated that Seleme needed to make payments of $610.42 by May 1, 2010, June 1, 2010, and July 1, 2010. The letter indicated that "[a]fter all trial period payments are timely made and you have submitted all the required documents, your mortgage would then be permanently modified if you qualify." Appellant's Appendix at 14. The letter also stated: "Your existing loan and loan requirements remain in effect and unchanged during the trial period." Id.

Chase filed a response to Seleme's motion for relief from judgment and attached a notice of sheriff's sale indicating that service of the sale was directed to Seleme by the Sheriff. Chase also attached a letter dated August 27, 2010, from Chase to Seleme indicating that Chase was unable to offer her a "Home Affordable Modification because [she] did not make all of the required Trial Period Plan payments by the end of the trial period." Id. at 24. The letter also stated: "[I]f your Loan was in foreclosure at the time of the Trial Period Plan Offer, the foreclosure process may resume without further notice." Id.

Seleme filed a notice of additional documents in support of her motion for relief from judgment. Specifically, she attached a fax dated August 10, 2011, that included a "Making Home Affordable Program Request for Modification and Affidavit" signed by Seleme. Id. at 33-36. She attached letters from Chase dated August 30, 2011, September 30, 2011, October 30, 2011, and January 24, 2012, indicating that Chase needed additional documents to complete her request for loan modification. Seleme also attached correspondence from Seleme to Chase providing certain requested information.

4

On April 10, 2012, the court held a hearing on Seleme's motion for relief from judgment. At the hearing, Seleme's counsel argued in part:

> [T]here was a violation of Rule 55b, regarding default, because Rule 55b specifically states that if a party has otherwise appeared. Well, even in [Chase's] Response they indicate that she did appear pursuant to Court order to the original telephone conference that was set by the Court. So she has appeared. So she was entitled to notice of the default.

Transcript at 8. Chase's counsel argued in part:

> It seems that (inaudible) [Seleme] selectively received certain documents. There was a telephonic conference scheduled pursuant to the Court's order on April 1, 2010. Those orders are issued sua sponte by the Court. She did participate in that telephone conference. The facilitator scheduled a follow-up one for June 8th. She did not call in for that conference. She did not return the Notice attached to the Complaint requesting a formal settlement conference. There were Notices that were issued by the Court sua sponte and not in response to her request for the settlement conference. Pursuant to 32-30-10.5-8.5 it is the return of that letter requesting settlement conference that constitutes the appearance for purposes of appearing in the matter. So I would object to the characterization that she appeared in the conference and therefore was entitled to notice of the default. The Court did not consider that an appearance, obviously, because they granted the default judgment. And, again, the law does not say that that is an appearance for purposes of a foreclosure proceeding.

Id. at 10-11. On April 24, 2012, the court denied Seleme's motion for relief from judgment.

The issue is whether the court abused its discretion in denying Seleme's motion for relief from judgment. Generally, upon appellate review of a refusal to set aside a default judgment, the trial court's ruling is entitled to deference and will be reviewed for an abuse of discretion. Allstate Ins. Co. v. Watson, 747 N.E.2d 545, 547 (Ind. 2001). The trial court's discretion should be exercised in light of the disfavor in which default judgments are generally held. Id.; see also Coslett v. Weddle Bros. Constr. Co. Inc., 798

5

N.E.2d 859, 861 (Ind. 2003) ("Indiana law strongly prefers disposition of cases on their merits."), reh'g denied. Any doubt as to the propriety of a default judgment must be resolved in favor of the defaulted party. Watson, 747 N.E.2d at 547. "Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike." Kmart v. Englebright, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999) (citing Siebert Oxidermo, Inc. v. Shields, 446 N.E.2d 332, 340 (Ind. 1983)), trans. denied. "A cautious approach to the grant of motions for default judgment is warranted in 'cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.'" Id. (citing Green v. Karol, 168 Ind. App. 467, 473-474, 344 N.E.2d 106, 110-111 (1976)). In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Id. "The burden is on the movant to establish ground for Trial Rule 60(B) relief." In re Paternity of P.S.S., 934 N.E.2d 737, 741 (Ind. 2010).

The entry of a default judgment is authorized by Ind. Trial Rule 55(A), and pursuant to Trial Rule 55(C) a judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Trial Rule 60(B). While Seleme does not delineate her arguments with respect to the various subsections of Rule 60(B), she contends that subsections (1), (3), (6), (7), and (8) of Rule 60(B) all apply. Ind. Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1)     mistake, surprise, or excusable neglect;

6

* * * * *

(3)    fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

* * * * *

(6)    the judgment is void;

(7)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8)    any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

With respect to subsections (1), (2), (3), (4), and (8) of Rule 60(B), we observe that a meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." Butler v. State, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (quoting Bunch v. Himm, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008)). "Absolute proof of the defense is not necessary, but there must be 'enough admissible evidence to make a *prima facie* showing' that 'the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand.'" Id. (quoting Bunch, 879 N.E.2d at 637).

7

To the extent that Seleme argues that the default judgment was void under Ind. Trial Rule 60(B)(6), we observe that "[a] void judgment is a nullity, and typically occurs where the court lacks subject matter or personal jurisdiction." 22B STEPHEN E. ARTHUR, INDIANA PRACTICE § 60.2 (2012) (footnote omitted). "If a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim." Moore v. Terre Haute First Nat'l Bank, 582 N.E.2d 474, 477 (Ind. Ct. App. 1991), reh'g denied. "Normally, this Court employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment." D.L.D. v. L.D., 911 N.E.2d 675, 678 (Ind. Ct. App. 2009) (citing Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt., 782 N.E.2d 1000, 1003 (Ind. Ct. App. 2003)), reh'g denied, trans. denied. "However, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6), alleging that the judgment is void, discretion on the part of the trial court is not employed because either the judgment is void or it is valid." Id.

Seleme appears to argue that: (A) the default judgment was void because she was denied due process with respect to notice; and (B) Chase's actions constituted fraud or misrepresentation that resulted in Seleme's excusable neglect and an accord and satisfaction.

A.    Notice

Seleme argues that she was denied due process and consequently the court's default judgment and decree of foreclosure were void. Seleme argues that the failure to send "any notice to [her] of the default, the actual judgment or the sale, must render this foreclosure judgment void." Appellant's Brief at 10.

8

Chase appears to argue that Seleme waived any claim related to Rule 60(B)(6) because her motion for relief from judgment did not refer to Indiana Trial Rule 60(B)(6) or "say in words or substance that 'the judgment is void.'" Appellee's Brief at 10. Chase also argues that even if the arguments were preserved they are without merit because the record demonstrates that Seleme received service of process.

In her reply brief, Seleme argues that Chase was required to serve her in accordance with Ind. Trial Rules 3.1(B) and 55 "as she appeared pursuant to Court order, and a settlement conference was requested and scheduled at the initial telephone conference." Appellant's Reply Brief at 1. Seleme also argues that she filed an appearance pursuant to Ind. Code § 32-30-10.5-8.5(c).

To the extent that Chase suggests that Seleme waived this argument, we observe that she argued in her motion for relief from judgment that "during this entire time of making payments and submitting all documents to Chase, she was never advised that the lawsuit had not been dismissed" and that she did not receive a copy of the motion for default judgment or a copy of the actual foreclosure judgment entered by the court. Appellant's Appendix at 11. Seleme also argued that "she never received actual notice or opportunity to object to the foreclosure equitable proceedings." Id. At the hearing, Seleme's counsel argued that Seleme did not receive due process of law and that the default judgment was "void." Transcript at 7. Based upon the record, we cannot say that Seleme waived this issue.

Initially, we observe that Seleme concedes that she received the original summons and complaint from Chase.[2] With respect to her argument that the failure to send "any notice to [her] of the default, the actual judgment or the sale, must render this foreclosure judgment void," Appellant's Brief at 10, we note that she does not develop a cogent argument with respect to notice of the judgment.[3] Further, with respect to the notice of sale, in the summary of the argument section of her brief, Seleme states that "Indiana statute § 32-29-7-3 was not complied with, and jurisdiction to sell was void." Appellant's Brief at 6. However, she does not cite to this provision in the argument section of her brief or her reply brief. Even assuming that Seleme developed an argument under one of the notice provisions in Ind. Code § 32-29-7-3,[4] we cannot say that reversal is required on this basis. We observe that the record reveals that in Chase's response to Seleme's motion for relief from judgment, Chase attached a copy of the notice of sheriff's sale and stated that the Sheriff of Allen County gave notice of the sheriff's sale of her property to Seleme. The notice referenced the sheriff's sale of property located at

---

[2] Seleme cites In re 2005 Tax Sale Parcel No. 24006-001-0022-01, 898 N.E.2d 349 (Ind. Ct. App. 2008), and Edwards v. Neace, 898 N.E.2d 343 (Ind. Ct. App. 2008). Unlike the cases cited by Seleme which involved tax sales, Seleme concedes that she received the original summons and complaint from Chase.

[3] We observe that Ind. Trial Rule 5 governs service of pleading and other papers, and Ind. Trial Rule 72 governs notice of orders or judgments and the effect of lack of notice.

[4] Ind. Code § 32-29-7-3(d) provides in part:

Before selling mortgaged property, the sheriff must advertise the sale by publication once each week for three (3) successive weeks in a daily or weekly newspaper of general circulation. The sheriff shall publish the advertisement in at least one (1) newspaper published and circulated in each county where the real estate is situated. The first publication shall be made at least thirty (30) days before the date of sale. At the time of placing the first advertisement by publication, the sheriff shall also serve a copy of the written or printed notice of sale upon each owner of the real estate. Service of the written notice shall be made as provided in the Indiana Rules of Trial Procedure governing service of process upon a person.

10

6425 High Point Run, Fort Wayne, Indiana, and also indicated that service by the Sheriff was directed to Seleme at the foregoing address.

We now turn to Seleme's argument regarding notice of Chase's motion for default judgment. We need not determine whether subsection (6) or subsection (8) control because, under the circumstances, neither would require Seleme to allege a meritorious defense. See Evansville Garage Builders v. Shrode, 720 N.E.2d 1273, 1278 n.8 (Ind. Ct. App. 1999) (addressing an argument regarding lack of notice of a motion for default judgment, noting that generally under Trial Rule 60(B)(8), a defaulted party seeking relief from judgment must, in addition to establishing a valid ground for relief, present evidence of a meritorious defense, but observing that where a default judgment is set aside because it was entered without notice or proper service, a meritorious defense need not be shown), trans. denied; Standard Lumber Co. of St. John, Inc. v. Josevski, 706 N.E.2d 1092, 1096 (Ind. Ct. App. 1999) (holding that the defendants need not establish a meritorious defense because they were not provided notice of the plaintiff's motion for default judgment).

Generally, due process requires notice of certain proceedings after the initiation of a lawsuit. Moore, 582 N.E.2d at 478. With respect to notice of Chase's motion for default judgment, Ind. Trial Rule 55(B) provides in part that "[i]f the party against whom judgment by default is sought *has appeared in the action*, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." (Emphasis added). Thus, we must determine whether Seleme "appeared" for purposes of Trial Rule

11

55(B).  Generally, a party's appearance is governed by Ind. Trial Rule 3.1.  At the time that Chase filed its complaint, Ind. Trial Rule 3.1(B) provided: "At the time the responding party or parties first appears in a case, such party or parties shall file an appearance form setting forth the information set out in Section (A)[5] above."[6]  Local Rule 02-TR-3.1-3 of the Allen Superior and Circuit Court governs appearances and provides in part:

> When a party to an action appears without an attorney, the party shall give, and the Clerk shall note on the chronological case summary of the case, a name, a mailing address and phone number of the party to which notices and communications concerning the case may be delivered and mailed pursuant to T.R. 5 (B).

---

[5] At the time Chase filed its complaint, Ind. Trial Rule 3.1(A) provided in part:

At the time an action is commenced, the party initiating the proceeding shall file with the clerk of the court an appearance form setting forth the following information:

(1)     Name, address and telephone number of the initiating party or parties filing the appearance form;

(2)     Name, address, attorney number, telephone number, FAX number, and e-mail address of any attorney representing the party, as applicable;

(3)     The case type of the proceeding [Administrative Rule 8(B)(3)];

(4)     A statement that the party will or will not accept service by FAX;

* * * * *

(6)     The caption and case number of all related cases;

(7)     Such additional matters specified by state or local rule required to maintain the information management system employed by the court . . .

[6] Ind. Trial Rule 3.1(B) was amended effective January 1, 2012, and now provides: "At the time the responding party or parties first appears in a case, the attorney representing such party or parties, or the party or parties, if not represented by an attorney, shall file an appearance form setting forth the information set out in Section (A) above."

12

Seleme does not argue or point to the record to suggest that she filed an appearance form, appeared in court, or provided the clerk of the trial court with her name, mailing address, and phone number, prior to her attorney filing an appearance on March 1, 2012. Rather, she appears to argue that her participation in the first telephone conference between Chase and the facilitator constituted an appearance. She also argues that "Indiana has no specific rule that says or denies that appearing at a court ordered conference is or is not an appearance justifying further legal notice." Appellant's Brief at 12.

We cannot say that Seleme's mere participation at the initial telephone conference constituted an appearance. See LaPalme v. Romero, 606 N.E.2d 882, 884 (Ind. Ct. App. 1993) (rejecting defendant's claim that a telephone conversation with the plaintiffs' counsel regarding the case constituted a constructive appearance), reh'g denied, vacated in part and adopted in relevant part by, 621 N.E.2d 1102 (Ind. 1993), reh'g denied; Cordill v. City of Indianapolis, 168 Ind. App. 685, 688-689, 345 N.E.2d 274, 276 (1976) (holding that neither appellant nor his attorney had made an appearance in any manner reasonably calculated to put the clerk on notice).

We now turn to Seleme's argument regarding Ind. Code § 32-30-10.5-8.5(c), which provides that "[i]f the debtor requests a settlement conference under this chapter, the court shall treat the request as the entry of an appearance under Indiana Trial Rule 3.1(B)."[7] Even assuming that Ind. Code § 32-30-10.5-8.5(c) applies,[8] we cannot say that the record demonstrates that Seleme requested a settlement conference.

---

[7] As noted in GMAC Mortg., LLC v. Dyer, 965 N.E.2d 762, 764 n.2 (Ind. Ct. App. 2012), the

13

Attached to Chase's complaint was a "Get Help – Get Hope" notice from the

Indiana Housing & Community Development Authority and its Indiana Foreclosure

Prevention Network. This notice stated:

> Your mortgage lender has filed to foreclose on your home. According to Indiana law, you *may* be entitled to a court-ordered settlement conference. This provides an opportunity for you and your lender to negotiate a "foreclosure prevention agreement" that may allow you to keep your home.
>
> **If you want to take advantage of this right, you must notify the Court of your intention no more than 30 days after this Notice was served**. *You may, but are not required to, notify the Court by signing this Notice where indicated and mailing or delivering it to the Court at its address shown in the Summons.* You should also send a copy of the signed Notice to the lender's attorney at the address shown in the Summons.

Appellee's Appendix at 8 (emphases in italics added).[9]

---

Indiana Supreme Court has provided a resource for help with mortgage foreclosures, settlement conferences, and deeds in lieu of foreclosure. See Indiana Supreme Court, *Help with Mortgage Foreclosures*, http://www.in.gov/judiciary/selfservice/2359.htm (last visited October 30, 2012). This resource states:

> A settlement conference is a face-to-face meeting with your lender's representative. It is your last chance to work out a deal with your lender before a foreclosure takes place. If a foreclosure does take place, you will lose your home and your credit rating will be damaged. However, a settlement conference is not a guaranteed workout between you and your lender!

Id.

[8] We observe that Ind. Code § 32-30-10.5-8.5 was added by Pub. L. No. 170-2011, § 9, and was effective May 10, 2011, which was after Chase filed its complaint but before the court entered default judgment on September 26, 2011. Ind. Code § 32-30-10.5-8.5(a)(1)(C)(ii) provides that the statute applies when a court having jurisdiction over the action has not issued a default judgment against the debtor in the action. The parties do not address any impact that the effective date of the statute or the entry of default judgment may have in light of the proceedings in this case.

[9] At the time that Chase filed its complaint, Ind. Code § 32-30-10.5-8 provided:

> [I]f a creditor files an action to foreclose a mortgage, the creditor shall include with the complaint served on the debtor a notice that informs the debtor of the debtor's right to participate in a settlement conference. The notice must be in a form prescribed by the Indiana housing and community development authority created by IC 5-20-1-3. The

The Indiana Supreme Court's online resource for mortgage foreclosures provides:

How Do I Request a Settlement Conference?

If you have received a Notice of Foreclosure from your lender, you have 30 days to request a settlement conference from the court. If you request a settlement conference, it will be scheduled for between 45 to 60 days after the date of the Notice. *To request a conference, simply sign and print your name and case number on the "Get Help – Get Hope" Notice you received from your lender, and mail or deliver this Notice to the court.* You must also send a signed copy of the Notice to the lender's attorney.

\* \* \* \* \*

**Important** - *To prevent a default judgment from being entered against you, you must file a **written response** with the court within 20 days from the date*

---

notice must inform the debtor that the debtor may schedule a settlement conference by notifying the court, not later than thirty (30) days after the notice is served, of the debtor's intent to participate in a settlement conference.

We observe that the current version of the "Settlement Conference Notice" posted to the Indiana Supreme Court's online resource provides other methods of requesting a settlement conference. Specifically, the Settlement Conference Notice provides:

> YOUR MORTGAGE LENDER HAS FILED TO FORECLOSE ON YOUR HOME. **HOWEVER, YOU MAY BE ENTITLED TO A COURT-ORDERED SETTLEMENT CONFERENCE WITH YOUR LENDER TO NEGOTIATE AN AGREEMENT THAT COULD ALLOW YOU TO AVOID FORECLOSURE**. THERE IS **NO FINANCIAL COST TO YOU** FOR PARTICIPATING IN THIS SETTLEMENT CONFERENCE.
>
> **To take advantage of this right, you must notify <u>the Court</u> that you desire a settlement conference within 30 days of receiving this Notice by doing any of the following**:
>
> 1.) filling out the form below and returning it to the Court at the address shown in the Summons;
> 2.) calling the Court and requesting a settlement conference at the phone number shown in the Summons; or
> 3.) appearing at the Court and making an in-person request for a settlement conference.
>
> If you notify the Court using option #1 above, you should also send a copy of this signed form to the lender's attorney at the address shown in the Summons.

Indiana Supreme Court, http://www.in.gov/judiciary/selfservice/files/Settlement_Conference_Notice_ (revised_5-7-10).pdf (last visited October 30, 2012).

15

*you received the Notice of Foreclosure, or 23 days if you received the Notice by certified mail. This written response – or "Answer" – is different from the request for settlement conference.*

*If you do not file a written response,* **even if you request a settlement conference***, the plaintiff may obtain a default judgment and foreclose.* If you file a written response but do not request a settlement conference, the court may decide you have given up your right to a settlement conference.

Indiana Supreme Court, *Help with Mortgage Foreclosures*, http://www.in.gov/judiciary/ selfservice/2359.htm (last visited October 30, 2012) (emphases in italics added).

Seleme does not point to the record or argue that she signed the notice attached to the complaint and delivered it to the trial court or that she contacted the court to request a settlement conference. Rather, she appears to argue that the fact that a second telephonic conference was scheduled alone constituted a request for a settlement conference under Ind. Code § 32-30-10.5-8.5. Specifically, Seleme argues that "the scheduling of that second conference is clear evidence that the 'debtor requested a conference' as there is no requirement or prohibition in the statute as to the parties either individually or jointly agreeing to request that second settlement conference." Appellant's Reply Brief at 1-2.

We observe that the court's February 22, 2010 order, which indicated that the cause had been assigned to Solomon Lowenstein, Jr., as facilitator, and ordered the parties and / or their attorneys to a telephone conference on April 1, 2010, at 2:30 p.m., stated:

The Facilitator shall file a report with the Court not later than 21 days from the date of the Telephone Conference informing the Court of the status of the foreclosure proceeding, *including whether a Settlement Conference was requested*; who attended the Telephone Conference; the date of the Settlement Conference; and any requests made by the Facilitator.

16

Appellee's Appendix at 32 (emphasis added).  Based upon the emphasized language above and the record, we cannot say that the initial scheduling of a telephone conference was based upon or in response to a request by Seleme for a settlement conference.

The April 28, 2010 order titled "Order After Telephone Conference" merely indicated that the parties had appeared by telephone and that the telephone conference was continued to June 8, 2010, pursuant to a forbearance plan.  Id. at 34.  While the July 12, 2010 order was titled "Order After Settlement Conference," the order did not indicate that Seleme had requested a settlement conference.  Id. at 35.  Rather, the order indicated that Seleme did not appear and that the settlement conference was not conducted, pursuant to a forbearance plan.  Thus, even assuming that Ind. Code § 32-30-10.5-8.5(c) applied, we cannot say that Seleme has demonstrated that she requested a settlement conference or made an appearance in order to require notice of Chase's motion for default judgment under Ind. Trial Rule 55.

We cannot ignore that "the law in this jurisdiction is well settled that a litigant who proceeds pro se is held to the same established rules of procedure that trained counsel is bound to follow."  Rickels v. Herr, 638 N.E.2d 1280, 1283 (Ind. Ct. App. 1994).  Mindful of this principle, we cannot say that the trial court abused its discretion in light of the facts that Seleme did not file an appearance form prior to Chase's motion for default judgment, appear before the court, or request a settlement conference.

Based upon the record, we cannot say that the trial court erred by denying Seleme's motion to set aside the default judgment on this basis.  See King v. King, 610 N.E.2d 259, 263 (Ind. Ct. App. 1993) (holding that the defendant was not entitled to

notice where she did not enter a *pro se* appearance, did not cause a new attorney to act on her behalf, did not answer the complaint, and did not assert an interest in any possible wrongful death proceeds), reh'g denied, trans. denied.

B.      Chase's Actions

Seleme appears to argue that Chase's actions constituted fraud or misrepresentation that resulted in her excusable neglect and an accord and satisfaction. She argues that Chase procured the judgment unfairly, that Chase informed her that the suit would be dismissed and engaged in payment arrangements, and that the mere fact that she proceeded pro se and did not enter a written appearance "should not subvert the clear intent and purpose of Trial Rule 55 or all of the remedies under Trial Rule 60(B)." Appellant's Brief at 9. Without citation to the record, Seleme also argues that "payment was alleged and shown under the Chase Auto Pay program, and Seleme's affidavit as well demonstrated some form of accord and satisfaction by accepting her into the HAMP program." Id. at 10. Chase argues that Seleme failed to develop a separate fraud or constructive fraud claim argument in her appellate brief and has waived any claim. Chase also argues that Seleme did not commit fraud.

Seleme appears to argue that Chase's actions warrant relief under subsections (1), (3), and (7) of Trial Rule 60(B). With respect to subsection (1), Ind. Trial Rule 60(B) provides in part that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect; . . . ." There is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1). Kmart, 719

18

N.E.2d at 1254 (citing In re Marriage of Ransom, 531 N.E.2d 1171, 1172 (Ind. 1988)). Each case must be determined on its particular facts. Id. (citing Boles v. Weidner, 449 N.E.2d 288, 290 (Ind. 1983)). The following facts have been held to constitute excusable neglect, mistake, or surprise:

> (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

Id. (citing Continental Assurance Co. v. Sickels, 145 Ind. App. 671, 675, 252 N.E.2d 439, 441 (1969)).

A party making a claim under Trial Rule 60(B)(3) and alleging fraud or misrepresentation must demonstrate that: (1) "the opposing party knew or should have known from the available information that the representation made was false," and (2) "the misrepresentation was made with respect to a material fact which would change the trial court's judgment." Zwiebel v. Zwiebel, 689 N.E.2d 746, 748 (Ind. Ct. App. 1997), reh'g denied, trans. denied. See also Otto v. Park Garden Assocs., 612 N.E.2d 135, 142 (Ind. Ct. App. 1993), reh'g denied, trans. denied.

Seleme does not cite to the record for her argument that Chase advised her that the suit would be dismissed. The documents attached to the parties' motions related to Seleme's motion for relief from judgment indicate that Chase approved Seleme to enter into a trial period plan under the Home Affordable Modification Program in April 2010, but Chase informed Seleme in a letter dated August 27, 2010 that it was unable to offer

19

her a "Home Affordable Modification because [she] did not make all of the required Trial Period Plan payments by the end of the trial period." Appellant's Appendix at 24. The letter also stated: "[I]f your Loan was in foreclosure at the time of the Trial Period Plan Offer, the foreclosure process may resume *without further notice*." Id. (emphasis added). While there was further correspondence between Seleme and Chase, such correspondence related to Seleme's request for a loan modification after she had already been denied a modification. Further, in a fax dated August 10, 2011, sent from Seleme to Chase, Seleme attached a "Making Home Affordable Program Request for Modification and Affidavit," which stated in part:

> Any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if I fail to comply with the terms and conditions of the Making Home Affordable program, including any trial period plan, and *no new notice of default*, notice of intent to accelerate, notice of acceleration, or similar notice *will be necessary to continue the foreclosure action*.

Id. at 35 (emphases added). Based upon the record, we cannot say that Seleme met her burden to establish ground for relief under subsections (1) or (3) of Trial Rule 60(B).

With respect to Seleme's argument regarding an accord and satisfaction, we observe that subsection (7) of Rule 60(B) provides that a court may relieve a party from a default judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Seleme points to Elliott v. JPMorgan Chase Bank, 920 N.E.2d 793 (Ind. Ct. App. 2010), for the proposition that an accord and satisfaction had occurred. In Elliott, the defendants tendered evidence that the bank's record indicated that the mortgage was fully paid in

2001 and that the bank had executed and recorded a full satisfaction of the mortgage. 920 N.E.2d at 796. Seleme does not point to such evidence. While one of Seleme's bank statements indicates a payment to Chase on July 16, 2010, she does not point to the record and our review does not reveal that she made the other payments required pursuant to the trial period for the loan modification. We cannot say that Seleme met her burden to establish grounds for relief under subsection (7) of Trial Rule 60(B).

Moreover, a claim under Ind. Trial Rule 60(B)(1), (3), or (7) requires that Seleme allege a meritorious claim or defense. See Ind. Trial Rule 60(B). She did not allege and does not point to any evidence that she made all of the required payments under the initial loan agreement, made all of the required payments under the trial period for the modification, or that she met the requirements of any subsequent modification. Under the circumstances and based upon the record, we cannot say that Seleme has demonstrated a meritorious defense. We cannot say that the trial court abused its discretion in denying Seleme's motion for relief from default judgment on this basis.

For the foregoing reasons, we affirm the trial court's denial of Seleme's motion for relief from judgment.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.