Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2013, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN QUIRK**
Muncie, Indiana

ATTORNEY FOR APPELLEE:

**DONALD D. CHIAPPETTA**
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF MUNCIE, | ) | |
| | ) | |
| Appellant-Intervenor, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1207-CR-549 |
| | ) | |
| STANLEY BENFORD, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-0711-MC-19

**March 6, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The City of Muncie ("the City") appeals the order of the Delaware Circuit Court setting aside the court's earlier order dismissing a forfeiture claim brought by the City against Stanley Benford ("Benford"). The City presents two arguments on appeal: (1) whether the trial court had personal jurisdiction over the City in this case, and (2) whether the trial court erred in granting Benford's motion to set aside the order dismissing the case. Benford claims that the City's appeal should be dismissed for lack of appellate jurisdiction. Concluding that we have appellate jurisdiction, that the trial court did have personal jurisdiction over the City, and that the trial court did not err in granting Benford's motion to set aside, we affirm.

## Facts and Procedural History

The underlying facts of this case were set out by this court in our memorandum decision in City of Muncie v. Benford, 18A02-1011-MI-1281 (Ind. Ct. App. Dec. 19, 2011):

> On November 28, 2007, the State and the Muncie Police Department filed a Complaint for Forfeiture and Reimbursement of Law Enforcement Costs against Benford seeking forfeiture of a 1999 Cadillac Escalade following Benford's November 26, 2007 arrest for conspiracy to commit arson and insurance fraud. On January 8, 2008, the State and the Muncie Police Department filed a Verified Motion for Default and the court entered default judgment and ordered that the personal property be forfeited by Benford and become the property of the Muncie Police Department.

> On October 28, 2009, Benford filed a Petition to Set Aside Judgment in which he asserted that on November 28, 2007, he was an inmate in the Delaware County Jail, that he never received service of process, and that he was not aware that the forfeiture action was pending. On December 18, 2009, the City sold the vehicle through an online auction for $9,050.99. On June 2, 2010, the court held a hearing on Benford's petition and the State filed a response to Benford's petition which argued that Benford did receive service of process and that Benford did not timely file his Petition to Set Aside Judgment pursuant to Ind. Trial Rule 60(B). On June 8, 2010,

2

the court ordered the default judgment set aside and scheduled a bench trial for August 2, 2010.

On August 2, 2010, the parties appeared before the court and indicated that they agreed to the return of the vehicle to Benford, and the court asked the State's counsel to prepare a motion to dismiss with a proposed order and Benford's counsel to prepare a proposed order for the return of the vehicle. On August 3, 2010, the court ordered the State to return the vehicle to Benford within three days. On August 9, 2010, Benford filed an Affidavit Alleging Contempt stating that the State had failed to return the vehicle and requested attorney fees.

On August 12, 2010, the State filed a motion "to dismiss this action with prejudice" in Count No. 19. On August 13, 2010, the trial court granted the State's motion and entered an order of dismissal which provided: "IT IS THEREFORE ORDERED that this matter be dismissed with prejudice."

On August 31, 2010, the court scheduled a hearing "concerning the return of [Benford's] property." On September 13, 2010, the court held a hearing at which counsel for Benford and counsel for the City appeared. Benford's counsel called Officer Rodney Frasier as a witness. Frasier testified that prior to the sale the vehicle was titled in the name of the City, that the vehicle was sold via an online auction in 2009, that the sale price was $9,050.99, that the City collected $8,328.45 after the online service collected its rate, and that the money was transferred to the City's account in February 2010. Benford testified that the value of the vehicle at the time it was taken was around $12,000 and that he had new tires and rims which had cost him close to $2,400. Benford's counsel stated that the parties were in court on Benford's "contempt citation" and that "[o]bviously they can't return the vehicle," and he requested "that the Court require the City of Muncie to compensate [his] client as is necessary to make him whole." Counsel for the City noted that it was in a difficult situation, that the City's "office was not involved up until this point," that "[i]t was the State of Indiana," and that it "need[ed] time to figure out where to do [sic] from here." Benford's counsel noted that the City "was listed as a party originally" and the court stated that "to keep the case clear" the City should enter an appearance and file a motion to intervene.

On September 22, 2010, Benford filed a Verified Motion for a Finding of Contempt, Damages and Attorney Fees requesting the court to enter a finding of contempt against the City and order the City, in lieu of the return of the vehicle, to pay Benford the sum of $14,512.22, plus thirty dollars per day from August 3, 2010 for the loss of use of the vehicle, and reasonable attorney fees. On September 23, 2010, the City filed a motion to intervene and request for a hearing on Benford's motion. On November 4, 2010,

3

following a hearing, the court found that the City "is now added as an intervenor" and scheduled a hearing for November 17, 2010.

On November 17, 2010, the court held a hearing. At the start of the hearing, the City asked the court to reconsider its previous ruling on the motion to set aside default judgment, which the court denied. Benford's counsel stated that the parties appeared "on a show cause hearing" and that the issue was "why they have not returned [Benford's] vehicle as they were ordered to do," and the City's counsel stated that he "thought [the parties] were here to figure out the value of the vehicle and damages and move forward." The City introduced Plaintiff's Exhibit 1, which indicated that the vehicle was sold by the "City of Muncie / Muncie Police Dept." for $9,050.99 on December 18, 2009.

Id., slip op. at 2-5 (record citations and footnotes omitted).

The City appealed, arguing that the trial court had no authority to conduct any proceedings or enter any order after it had dismissed Benford's action on August 13, 2010. We agreed, holding:

In this case, the record reveals that, following the August 13, 2010 dismissal with prejudice, Benford did not avail himself of Ind. Trial Rules 41(F) or 60(B) to reinstate the case or file a separate lawsuit to enforce the August 3, 2010 order that the City return his vehicle. Because the trial court dismissed the action with prejudice, and Benford neither filed a new action nor followed Ind. Trial Rule 41(F) to have the dismissal set aside, the trial court did not have the authority to enter its November 22, 2010 order.

Id. at 7-8 (citation omitted).

Benford subsequently filed a motion on January 10, 2012, requesting that the trial court set aside the order of dismissal pursuant to Indiana Trial Rule 60(B)(3) and 60(B)(8). On March 21, 2012, the trial court held a hearing on Benford's motion to set aside the dismissal. The City appeared and argued that the trial court did not have jurisdiction over the City due to the trial court's earlier order dismissing the case with

4

prejudice. The City also argued that Benford's motion to set aside the dismissal order should not be granted because it failed to set forth a meritorious claim or defense.

On June 8, 2012, the trial granted Benford's motion to set aside the dismissal, entering an order which read in relevant part:

13. The defendant has shown, and the undisputed facts of this case demonstrate, that this is not just about mistake, surprise, or excusable neglect.

14. First, the City failed to disclose to the court or to the defendant during the August 2, 2010 [hearing] that the vehicle at issue had been ordered sold almost a year prior to the hearing.

15. Second, the City Attorney affirmatively agreed in open court that the vehicle would be returned to the Defendant in three (3) days.

16. Third, once the City acknowledged that the vehicle had been sold, the City Attorney agreed in open court that the Defendant was entitled to reasonable compensation for the value of the vehicle.

17. The City Attorney might have been personally surprised or mistaken when he discovered that his client had sold the vehicle[,] but the City itself cannot claim mistake, surprise, or excusable neglect because the City knew the Defendant's vehicle had been sold pursuant to a prior court order.

18. The defendant was certainly not neglectful in this case. Moreover, because the court and the Defendant had every reason to believe the representations of the City Attorney and rely on those representations, the Defendant was more than simply mistaken or surprised about the underlying facts of this case.

19. The Defendant is ultimately alleging that the City intentionally misled its own attorney, the Defendant and his counsel, and the court into believing that the vehicle or value of the vehicle would be returned to the Defendant even though the City knew the vehicle had been previously sold.

20. The facts and circumstances of this case demonstrate exceptional circumstances justifying the extraordinary relief provided by Indiana Trial Rule 60(B)(8). To allow all parties to agree to return this vehicle or the reasonable value of the vehicle and then to not do so because of a procedural technicality would be unjust and inequitable.

21. The Defendant's 60(B)(8) Motion was filed within a reasonable time.

22. In addition, the Defendant has established that he does in fact have a meritorious claim or defense in that: (1) the vehicle was not seized and sold

5

in accordance with the State's forfeiture statute; and (2) all parties agreed to return the vehicle or the value of the vehicle to the Defendant.

IT IS ORDERED ADJUDGED AND DECREED that the Defendant Stanley Benford's Motion to Set Aside is **GRANTED** pursuant to Indiana Trial Rule 60(B)(8).

Appellant's App. pp. 156-58. The City now appeals.

## I. Appellate Jurisdiction

Before we address the merits of the City's appeal, we address Benford's argument that this appeal should be dismissed for lack of appellate jurisdiction.[1] Benford claims that the trial court's order granting his motion to set aside the dismissal is interlocutory. Because the City did not seek to have this case certified for interlocutory appeal, Benford claims that this appeal should be dismissed because it is an appeal from a non-final, interlocutory order. However, Trial Rule 60(C) clearly states that "A ruling or order of the court denying *or granting relief,* in whole or in part, by motion under subdivision (B) of this rule *shall be deemed a final judgment*, and an appeal may be taken therefrom as in the case of a judgment." Thus, the trial court's order granting Benford relief under Trial Rule 60(B) is deemed a final judgment by operation of Trial Rule 60(C), and the City's appeal from this order is proper.

## II. Personal Jurisdiction

The City first claims that the trial court had no personal jurisdiction over the City. The City notes that, at the time that the trial court dismissed the case with prejudice, the

---

[1] Benford filed a motion to dismiss this appeal in this court on October 29, 2012. We denied this motion on December 17, 2012. But even though our motions panel has already ruled on this issue, Benford is not precluded from presenting this argument in his appellee's brief. See Miller v. Hague Ins. Agency, Inc., 871 N.E.2d 406, 407 (Ind. Ct. App. 2007). Although we are reluctant to overrule orders decided by the motions panel, we have inherent authority to reconsider any decision while an appeal remains *in fieri*. Id.

6

City had not yet intervened and its attorney had not yet filed an appearance. Instead, prior to the dismissal, the State and the State's attorney had been the party prosecuting the case. Thus, the City argues that its act of intervening did not subject it to the trial court's jurisdiction because, as we held in the earlier appeal, the trial court had no authority to act after it dismissed the case with prejudice. See Benford, slip op. at 7-8.

Benford, however, notes that the present forfeiture action was brought in the name of the State of Indiana and the Muncie Police Department. Appellant's App. p. 18. Indeed, Indiana Code section 34-24-1-3(a) requires that a forfeiture action be brought by "[t]he prosecuting attorney for the county in which the seizure occurs," and that such action be brought "in the name of the state or the state and *the unit that employed the law enforcement officers who made the seizure* if the state was not the employer[.]" Here, it is undisputed that officers of the Muncie Police Department made the seizure. Therefore, the forfeiture action was, as required, filed in the name of the State and the Muncie Police Department. And the Muncie Police Department is a division of the City of Muncie.

The fact that the forfeiture action did not name the City of Muncie explicitly is not dispositive. Indiana Trial Rule 19(F) governs "[s]uits by or against a governmental organization or governmental representative relating to the acts, power or authority of such organization or representative, including acts under purported power or authority or color thereof by such organization or representative." Subsection (F)(1) of Trial Rule 19 provides in relevant part that "suits naming an unofficial branch, office or unit of a governmental organization shall be deemed to name and include the governmental organization of which it is a part[.]"

7

Thus, by operation of the relevant statute and the trial rule, the City was a party in this forfeiture action because the action was brought in the name of the Muncie Police Department. Despite the fact that the case was brought by the prosecuting attorney, the City of Muncie was a party from the initiation of this case, and the trial court had personal jurisdiction over the City.

Even if the Muncie Police Department, and therefore the City, had not been named as a party, we would further note that the City filed a motion to intervene in the action and filed an appearance. The fact that the trial court had already dismissed the case does not alter the fact that the City never objected to the personal jurisdiction of the trial court and in fact submitted itself to the jurisdiction of the court by voluntarily appearing in the case without objecting to the jurisdiction of the trial court. See Harris v. Harris, 922 N.E.2d 626, 632 (Ind. Ct. App. 2010) (noting that a party may waive the lack of personal jurisdiction and submit themselves to the trial court's jurisdiction if they respond or appear and do not contest the lack of jurisdiction). We therefore reject the City's argument that the trial court was without personal jurisdiction over the City.

### III. Propriety of Granting Motion to Set Aside

The City also claims that the trial court erred in granting Benford's motion to set aside the dismissal pursuant to Trial Rule 60(B)(8). A motion to reinstate a cause after a dismissal must be made under T.R. 60(B). Ind. Ins. Co. v. Ins. Co. of N. Am., 734 N.E.2d 276, 278 (Ind. Ct. App. 2000). Trial Rule 60(B)(8) provides in relevant part that:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

8

(8)  any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).[2]

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8)[.]

Thus, Trial Rule 60(B)(8) is an omnibus provision which gives the trial court broad equitable discretion and imposes a time limit based only on reasonableness.  Baker & Daniels, LLP v. Coachmen Indus., Inc., 924 N.E.2d 130, 140 (Ind. Ct. App. 2010).  Under Trial Rule 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect; instead, the trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief.  Id.  Such exceptional circumstances do not include mistake, surprise, or excusable neglect, which are set out in Rule 60(B)(1).  Id.  Furthermore, "[a] motion for relief from judgment under Trial Rule 60(B)(8) "must allege a meritorious claim or defense." Parham v. Parham, 855 N.E.2d 722, 729 (Ind. Ct. App. 2006) (citing Ind. Trial R. 60(B)).  A meritorious claim or defense is one showing that, if the case were tried on the merits, a different result would be reached.  Id.

On appeal, we review the trial court's ruling on a Trial Rule 60(B) motion for an abuse of discretion, which occurs when the denial is clearly against the logic and effect of

---

[2]  Sub-paragraphs (1), (2), (3), and (4) respectively cover "mistake, surprise, or excusable neglect," "any ground for a motion to correct error," "fraud," and "entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings."  T.R. 60(B).

the facts and inferences supporting the judgment for relief. Elliott v. JPMorgan Chase Bank, 920 N.E.2d 793, 796 (Ind. Ct. App. 2010).

The City claims that the trial court abused its discretion in granting Benford's Trial Rule 60(B) motion to set aside the dismissal, first claiming that Benford's motion set forth no meritorious claim or defense. We disagree. Benford's motion clearly set forth that the State never presented any evidence that would support its claim for forfeiture—a fact that the City does not deny. Moreover, the State agreed to return Benford's vehicle on August 2, 2010, and the trial court entered an order that the State return Benford's vehicle on August 9, 2010—both of which occurred *before* the trial court dismissed the case without prejudice. Even after the dismissal, the City never denied that Benford was entitled to be compensated; the only thing the City contested was the value of Benford's car. The City can hardly be heard now to claim that Benford did not have a meritorious claim or defense.

The City also claims that Benford did not file his motion to set aside within a reasonable time. The City notes that the case was dismissed on August 13, 2010, but that Benford did not file a motion to set aside this dismissal until January 10, 2012. We first note that a motion filed under Trial Rule 60(B)(8) need only be filed within a reasonable time. See Baker & Daniels, 924 N.E.2d at 140. It is true that over seventeen months passed from the date of the dismissal to the date of the motion to set aside the dismissal. However, after the dismissal, all parties continued as if the dismissal did not deprive the trial court of authority to continue to hear the remaining issue, i.e., the amount of Benford's damages.

After this court entered our memorandum decision in the first appeal holding that the trial court was without authority to act in this case following the dismissal order and that Benford's remedy was to file a motion to set aside the dismissal, Benford did so within twenty-two days. Under these facts and circumstances, the trial court was well within its discretion to conclude that Benford filed his Trial Rule 60(B)(8) motion within a reasonable period of time. In short, the trial court did not abuse its discretion in granting Benford's motion to set aside the trial court's earlier dismissal order.

## Conclusion

The trial court's order granting Benford's Trial Rule 60(B) motion to set aside the trial court's earlier dismissal order was a final judgment by operation of Trial Rule 60(C). We therefore have appellate jurisdiction to hear this case, and Benford's argument that this appeal should be dismissed is unavailing. With regard to the City's arguments, the trial court had personal jurisdiction over the City, and the trial court did not abuse its discretion in granting Benford's Trial Rule 60(B) motion to set aside the dismissal order.

Affirmed.

KIRSCH, J., and CRONE, J., concur.

11