## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randall W. Graff
Kopka Pinkus Dolin PC
Carmel, Indiana

ATTORNEY FOR APPELLEE

Nicholas C. Deets
Hovde Dassow & Deets LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Staples The Office Superstore, Inc.,

*Appellant-Defendant,*

and

Zhejiang Haoguo Furniture Co.,

*Defendant,*

vs.

Gary Wright, M.D.,

*Appellee-Plaintiff*

December 18, 2017

Court of Appeals Case No.
49A05-1705-CT-1118

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge

Trial Court Cause No.
49D10-1403-CT-6936

**Crone, Judge.**

## Case Summary

Gary Wright, M.D., was injured following the collapse of an office chair that he purchased from Staples The Office Superstore ("Staples"). He filed a personal injury action against Staples and the chair's purported manufacturer, Zhejiang Haoguo Furniture Company ("Haoguo"). Two years later, Wright sought and obtained a default judgment against Staples and Haoguo. Staples filed a motion to set aside default judgment pursuant to Indiana Trial Rule 60(B)(1) and -(8). The trial court denied the motion, and Staples filed a motion to correct error, or, in the alternative, a motion to set aside default judgment pursuant to Trial Rule 60(B)(3). The trial court conducted a hearing, and the motion to correct error was deemed denied thirty days thereafter pursuant to Indiana Trial Rule 53.3(A). Staples then requested a ruling on its alternative motion to set aside. The trial court denied Staples' alternative motion to set aside, and Staples now appeals.[1] Wright has filed a motion to dismiss this appeal as untimely. Finding that Staples has not appealed the court's denial of its motion to correct error and thus is not subject to the thirty-day deadline, we deny Wright's motion to dismiss. Finding that Staples is precluded from filing successive Rule 60(B) motions, we affirm.

## Facts and Procedural History

In July 2010, Wright purchased a pre-assembled office chair from Staples. On May 1, 2012, the chair collapsed, causing Wright to suffer injury to his knee.

---

[1] Haoguo never defended the action below and is not participating in this appeal.

Wright notified Staples of his injury, and Staples instructed him to send the chair and a copy of the sales receipt to Staples for inspection. Wright sent the chair and receipt as instructed on June 6, 2012. Staples retained possession of the chair throughout the proceedings.

[3] Believing itself to be the manufacturer of the defective chair, Haoguo agreed to indemnify and defend Staples' interests concerning the chair's failure. Staples informed Wright that Haoguo was the manufacturer of the chair and that communication would be handled through Haoguo's insurer and its representative, "David Tan, CPCU, AMIM, Esq., TMCA, New York." Appellant's App. Vol. 2 at 135. On February 21, 2014, Wright filed a personal injury action against Staples and Haoguo. Because Haoguo is a Chinese company, Wright filed a motion to appoint a special process server to serve the complaint and summons. The trial court granted the motion, and Haoguo was served on October 22, 2014. On January 23, 2015, Staples was served with a complaint and alias summons. Throughout 2015, numerous emails were traded between Wright's counsel and Tan, with Tan indicating that Haoguo wished to explore a settlement option before engaging legally. On November 24, 2015, Wright sent tender of demand to Tan to resolve his claim against Haoguo. On December 1, 2015, Tan notified Wright's counsel that Haoguo

would be denying all claims pertaining to Wright's defective chair, asserting that it was not the manufacturer of the chair.[2]

[4] As of February 2016, neither Staples nor Haoguo had entered an appearance in Wright's 2014 personal injury action. On February 18, 2016, Wright's counsel emailed Tan in pertinent part, "As an attorney, you are well aware of your client's obligations to appear and defend the case and your obligations to Staples based on your acceptance of its tender." Appellant's App. Vol. 3 at 29. On February 26, 2016, Wright filed a motion for default judgment. On March 2, 2016, the trial court issued an order of default judgment against Staples and Haoguo. On April 14, 2016, the trial court conducted a hearing on damages and entered judgment against defendants for $581,442.32.

[5] On July 14, 2016, Staples filed a Trial Rule 60(B) motion to set aside default judgment, citing subparagraphs (1) ("mistake, surprise, or excusable neglect") and (8) ("any reason justifying relief" other than those specified in subparagraphs (1) through (4)). On December 6, 2016, the trial court issued an order denying Staples' motion. On January 5, 2017, Staples filed a "Motion to Correct Error Under T.R. 59, or in the Alternative, Motion to Set Aside Under T.R. 60(B)(3)" ("fraud … or other misconduct by an adverse party"). Appellant's App. Vol. 3 at 13. The trial court conducted a hearing on Staples' motion on February 22, 2017. On March 24, 2017, Staples' motion to correct

---

[2] The record is unclear at what point Haoguo notified Staples that it was not the manufacturer of the defective chair. By the time Tan notified Wright that Haoguo was not the actual manufacturer, the statute of limitations had expired.

error was deemed denied for lack of ruling within thirty days after the hearing, pursuant to Indiana Trial Rule 53.3(A). On April 24, 2017, Staples filed a request for ruling on its second Rule 60(B) motion to set aside, which the trial court denied in a summary order issued on May 1, 2017.

On May 25, 2017, Staples filed a notice of appeal. Wright filed a motion to dismiss this appeal as untimely, and the motions panel of this Court issued an order holding the matter in abeyance for the writing panel.

## Discussion and Decision

## Section 1 – Because this appeal concerns the trial court's ruling on Staples' second Trial Rule 60(B) motion rather than its ruling on Staples' motion to correct error, it is not subject to dismissal as untimely.

Wright has moved for dismissal of this appeal as untimely. "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited." Ind. Appellate Rule 9(A)(5). When a party has filed a motion to correct error, the time limitations for filing an appeal after denial are governed by Trial Rule 53.3(A), which reads in pertinent part,

> In the event a court … fails to rule on a Motion to Correct Error within thirty (30) days after it was heard …, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Here, confusion arose when Staples coupled its second Trial Rule 60(B) motion with its motion to correct error. When the trial court conducted a hearing on Staples' motion to correct error on February 22, 2017, and did not issue a ruling, the motion to correct error was deemed denied on March 24, 2017. Staples thus had thirty days from the deemed denied date to initiate an appeal on the motion to correct error, that is, a deadline of April 23, 2017. Staples did not initiate an appeal on the motion to correct error but instead, one day after the deadline, filed a request for a ruling on its alternative Rule 60(B) motion to set aside default judgment.

[8] Staples maintains that the trial court's May 1, 2017, denial of its alternative motion to set aside, predicated on subparagraph (3), commenced the thirty-day window for initiating an appeal, thus rendering timely its May 25, 2017, notice of appeal. We agree. Trial Rule 60(B) states that a motion to set aside based on reasons (1) through (4) shall be filed "not more than one year after the judgment." Our supreme court has "construe[d] Rule 60(B) to provide that all such motions brought within one year after the entry of default or grant of default judgment will be treated the same [and] … in no event should such a motion be treated as a Rule 59 motion [to correct error]." *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 337 (Ind. 1983). Trial Rule 60(C) states that an order denying relief on a motion filed under subdivision (B) shall be deemed final, and an appeal may be taken therefrom.

[9] Simply put, this appeal involves Staples' challenge to the court's denial of its second Trial Rule 60(B) motion. Staples does not appeal the trial court's denial

of its motion to correct error, and as such, it was not bound by the deemed denied date for its motion to correct error. Instead, the thirty-day window for Staples' appeal commenced on May 1, 2017, when the court denied its second Rule 60(B) motion, and therefore, its May 25, 2017 notice of appeal was not untimely. Consequently, we deny Wright's motion to dismiss by separate order.

## Section 2 – The trial court acted within its discretion in denying Staples' second Trial Rule 60(B) motion.

[10] Staples challenges the trial court's denial of its alternative Trial Rule 60(B) motion to set aside default judgment. Trial Rule 60(B) provides a mechanism for obtaining relief from default judgment under certain limited circumstances, and the burden is on the movant to establish grounds for such relief. *Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299, 303 (Ind. Ct. App. 2012), *trans. denied* (2013). We review the trial court's ruling on a Trial Rule 60(B) motion using an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). An abuse of discretion occurs only when the trial court's action is against the logic and effect of the facts before it and inferences drawn therefrom. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 741 (Ind. 2010).

[11] Significantly, here, the appealed order denied Staples' second Trial Rule 60(B) motion, which raised an assertion not included in the original Rule 60(B) motion. "A party may not file repeated [Trial Rule] 60 motions until he finally either offers a meritorious ground for relief or exhausts himself and the trial

court in the effort to do so." *Carvey v. Ind. Nat'l Bank*, 176 Ind. App. 152, 159, 374 N.E.2d 1173, 1177 (1978). Thus, unless the additional grounds for relief were unknown and unknowable to the movant at the time he filed his first Rule 60(B) motion, they are not reviewable. *Id.*

[12] In *Siebert Oxidermo*, our supreme court addressed the issue of a party's repeated filing of motions for relief under Trial Rule 60(B). There, Oxidermo predicated its original Rule 60(B) motion on excusable neglect under subparagraph (1), and then, when the trial court denied its motion to set aside, filed a motion to correct error that included new assertions of error, one of which was attorney misconduct under subparagraph (3). The supreme court reasoned,

> The misconduct of Shields' attorney, if it occurred at all, was certainly discoverable by Oxidermo when the June 28 Rule 60(B) motion was filed. We do not believe Oxidermo should be permitted to appeal the denial of the Rule 60(B) motion on grounds that were available to it when that motion was filed but were not raised until a later time when the Rule 59 motion was filed.

446 N.E.2d at 342.

[13] Similarly, here, Staples predicated its first motion to set aside default judgment on subparagraphs (1) and (8) of Trial Rule 60(B). In claiming excusable neglect, Staples focused most of its argument on its alleged lack of notice about Wright's impending motion for default judgment. The email correspondence between Tan and Wright's counsel indicates the defendants' awareness of their duty, as named defendants, to appear and defend the personal injury action,

which had been filed two years earlier. The trial court adjudicated the notice issue not only as it evaluated Staples' first Rule 60(B) motion itself but also during the hearing on its motion to correct error, which was predicated on the denial of the first Rule 60(B) motion. In short, Staples' second Rule 60(B) motion and its briefs on appeal amount to attempts to rehash and repackage the notice issue as misconduct and relitigate it under subparagraph (3). These issues were not unknown and unknowable at the time of Staples' first Rule 60(B) motion. Rather, they were known and litigated. As such, the trial court acted within its discretion in denying Staples' second Rule 60(B) motion. Accordingly, we affirm.

[14] Affirmed.

Robb, J., and Bradford, J., concur.